IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19MJ3068 |
| vs. | |
| JOSEPH W. HIGGINS, | ORDER |
| Defendant. | |

After reviewing the forensic evaluation report of the Federal Medical Center, hearing the testimony of Dr. Jeremiah Dwyer, reviewing the documentary evidence offered at the hearing, and listening to the defendant's comments, the court finds Defendant is currently suffering from delusional thinking that substantially interferes with his ability to understand and fully participate in the court proceedings and to properly assist counsel in the defense of this case.

As reflected in the forensic evaluation report, which was further buttressed by the evidence presented at today's hearing and Defendant's statements therein:

> Mr. Higgins suffers from a mental disorder that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him, and his ability to properly assist counsel in his defense. Mr. Higgins likely has the factual cognitive ability to understand the nature and consequences of the court proceedings against him, and the factual cognitive ability to properly assist counsel in his defense. However, his delusional beliefs are entwined with the substance of the case against him in several respects, and thus his ability to rationally understand the proceedings, and assist in his defense, is presently undermined. In addition, his disorganization impairs his ability to effectively communicate what he does understand, further impairing his present competency to proceed.

(Filing No. 26, at CM/ECF p. 15). The court therefore concludes Defendant is currently mentally incompetent and unable to stand trial.

Accordingly,

IT IS ORDERED:

1) Defendant is remanded to the custody of the Attorney General of the United States for mental health and cognitive diagnosis, care and treatment, including but not limited to competency restoration, if possible, at the Federal Medical Facility, Springfield, Missouri, or other suitable facility, pursuant to the provisions of 18 U.S.C. §§ 4241 and 4247.

2) The United States Marshal shall forthwith, without delay, transport the defendant to the Springfield, Missouri facility, or other suitable facility as identified by the Attorney General of the United States, in accordance with this order, at no cost to the defendant. The Marshal shall ensure the defendant receives all currently prescribed medications during transport to and from the Federal Medical Center.

3) The clerk shall provide a copy of this order to the Marshal upon filing.

4) The clerk shall set a case management deadline of October 21, 2019 to check on Defendant's transfer status and the location of the evaluating facility. The clerk shall place a non-public remark in the record when the location information is known and shall set a case management deadline 60 days thereafter to follow up with the Marshal regarding Defendant's location and evaluation status.

5) Defendant is not returning to this district within 90 days of this order, the clerk shall bring this case to my attention.

6) The time between the notice and motion by defense counsel for a competency hearing and any determination, if any, that Defendant has become competent to stand trial, shall be excluded for speedy trial calculation purposes. 18 U.S.C. § 3161 (h)(4).

September 20, 2019.

                                                    BY THE COURT:

                                                    *s/ Cheryl R. Zwart*
                                                    United States Magistrate Judge